KEITH FULLER *v.* COMMISSIONER OF CORRECTION
(AC 20722)

Foti, Dranginis and Daly, Js.

Argued June 4—officially released October 30, 2001

*Sean K. Crowshaw*, with whom, on the brief, was *John B. Cantarella*, special public defender, for the appellant (petitioner).

*Robert M. Spector*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Mary Beth Baran*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DRANGINIS, J. The petitioner, Keith Fuller, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. He claims on appeal that the habeas court improperly failed to find that (1) his trial counsel was ineffective because counsel failed to advise him of his right to sentence review and (2) his appellate counsel was ineffective because counsel failed to file for certification to appeal to the Supreme Court. We affirm the judgment of the habeas court.

The factual background of this case is set forth in *State* v. *Fuller*, 48 Conn. App. 374, 709 A.2d 1142 (1998),

in which we upheld the petitioner's conviction of two counts of larceny in the second degree in violation of General Statutes § 53a-123, four counts of robbery in the third degree in violation of General Statutes § 53a-136, two counts of larceny in the third degree in violation of General Statutes § 53a-124 and one count of assault of a victim sixty years of age or older in violation of General Statutes § 53a-61a. Thereafter, the petitioner sought a writ of habeas corpus. The petitioner alleged that both his trial and appellate counsel had been ineffective. His petition for a writ of habeas corpus was denied, and the habeas court granted his petition for certification to appeal. This appeal followed.

Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well established. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Holley* v. *Commissioner of Correction*, 62 Conn. App. 170, 172, 774 A.2d 148 (2001).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel . . . . In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Citations omit-

ted; internal quotation marks omitted.) *Minnifield* v. *Commissioner of Correction*, 62 Conn. App. 68, 70–71, 767 A.2d 1262, cert. denied, 256 Conn. 907, 772 A.2d 596 (2001); see *Phillips* v. *Warden*, 220 Conn. 112, 132, 595 A.2d 1356 (1991).

"The first component of the *Strickland* test, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . In *Strickland*, the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citation omitted; internal quotation marks omitted.) *Minnifield* v. *Commissioner of Correction*, supra, 62 Conn. App. 71–72.

"Even if a petitioner shows that counsel's performance was deficient, the second prong, or prejudice prong, requires that the petitioner show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) Id., 72. Therefore, "[a] habeas court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if the claim may be disposed of on the ground of an insufficient showing of prejudice." *Williams* v. *Commissioner of Correction*, 41 Conn. App. 515, 519, 677 A.2d 1 (1996), appeal dismissed, 240 Conn. 547, 692 A.2d 1231 (1997).

I

The petitioner first claims that he did not receive effective assistance of trial counsel because counsel did not advise him of his right to sentence review and failed to ensure that the clerk informed him of his right pursuant to General Statutes § 51-195. Because the record is inadequate, we decline to review this claim. See Practice Book § 60-5.

"The duty to provide this court with a record adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998). "It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § 4061 [now § 60-5]. . . . It is not the function of this court to find facts." (Citations omitted.) *State* v. *Rios*, 30 Conn. App. 712, 715–16, 622 A.2d 618 (1993). "Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the petitioner's claims] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, supra, 608–609.

The petitioner argues that his trial counsel was ineffective because he failed to inform him about his right to sentence review and failed to ensure that he was given the proper forms to apply for such review. He further claims that this ineffective assistance prejudiced him because the time period for filing for sentence review expired before he was able to apply. The habeas court's ruling on this claim stated only the following: "[Counsel could not] remember whether the clerk gave notice of the petitioner's right to sentence review, but [he] had a recollection that it may have been interrupted by the defendant's conduct causing a disturbance in the courtroom. The burden was on the petitioner and he failed to carry it." The record on appeal is inadequate because the habeas court did not make any factual findings as to counsel's performance; it merely found that there was no conclusive evidence that the court clerk had neglected to provide the petitioner with the requisite sentence review forms. We therefore decline to review the petitioner's claim.

II

The petitioner next claims that his appellate counsel was ineffective because he failed to file a petition for certification to appeal to the Supreme Court. We disagree.

As we have stated, the petitioner's counsel brought a direct appeal to this court from the trial court's judgment of conviction, rendered after a jury trial, of larceny in the second degree, larceny in the third degree, robbery in the third degree and assault of a victim sixty years of age or older. See State v. Fuller, supra, 48 Conn. App. 374. On appeal, counsel raised two issues: (1) whether the trial court properly admitted evidence of the petitioner's escape from custody to establish consciousness of guilt; and (2) whether the court had sufficient evidence for the jury to find that the value

of one of the automobiles stolen by the petitioner exceeded $5000. See id., 381–83. This court, in a unanimous decision, affirmed the judgment of the trial court. Id., 385. Thereafter, appellate counsel failed to file a petition for certification to appeal to the Supreme Court, which resulted in this habeas appeal.

Our Supreme Court recently held that a criminal defendant has a right to assistance of counsel in connection with the filing of a petition for certification to appeal. *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 634, 778 A.2d 121 (2001). We therefore must consider whether the failure of the petitioner's appellate counsel to file a petition for certification under the circumstances of this case constitutes ineffective assistance of counsel. We conclude that it does not.

As we have stated, for the petitioner to prevail on a claim of ineffective assistance of counsel, he must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced by counsel's performance. See *Minnifield* v. *Commissioner of Correction*, supra, 62 Conn. App. 71.

In this case, the habeas court found that appellate counsel did not file a petition for certification to appeal to the Supreme Court because of his conclusions that the Appellate Court's analysis would likely not be overturned and that filing a petition for certification would be futile. The court concluded that the petitioner failed to satisfy both the first and second prongs of the *Strickland* test. Because the habeas court properly determined that the petitioner failed to satisfy the first prong of *Strickland*, we need not reach the second prong. See *Taft* v. *Commissioner of Correction*, 47 Conn. App. 499, 504, 703 A.2d 1184 (1998).

We base our conclusion on a review of our decision in *State* v. *Fuller*, supra, 48 Conn. App. 374, and Practice

Book § 84-2,[1] which provides the bases on which certification may be granted by our Supreme Court. See *Gipson* v. *Commissioner of Correction*, 54 Conn. App. 400, 436, 735 A.2d 847 (1999) (*Lavery, J.*, concurring), rev'd on other grounds, 257 Conn. 632, 778 A.2d 121 (2001). The petitioner's claims on appeal did not present a situation that requires us to conclude that counsel's decision not to file a petition for certification was unreasonable. The petitioner did not offer any evidence that this case presented issues worthy of certification to the Supreme Court. We therefore conclude that the petitioner has failed to meet his burden of showing that counsel's representation fell below an objective standard of reasonableness.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

DALY, J., dissenting. I respectfully dissent. General Statutes § 51-195 provides in relevant part: "Any person sentenced . . . may . . . file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. Upon imposition of sentence . . . the clerk shall give written notice to the person sentenced of his right to make such a request. . . ."

---

[1] Practice Book § 84-2 provides that certification by the Supreme Court may be considered:

"(1) Where the appellate court has decided a question of substance not theretofore determined by the supreme court or has decided it in a way probably not in accord with applicable decisions of the supreme court.

"(2) Where the decision under review is in conflict with other decisions of the appellate court.

"(3) Where the appellate court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by any other court, as to call for an exercise of the supreme court's supervision.

"(4) Where a question of great public importance is involved.

"(5) Where the judges of the appellate panel are divided in their decision or, though concurring in the result, are unable to agree upon a common ground of decision."

In this case, the record is devoid of any indication that the petitioner was advised by his counsel or the clerk of the court of his right to sentence review pursuant to § 51-195. Therefore, I would remand the matter to the habeas court in order that the defendant be advised of his rights to go to sentence review in compliance with § 51-195.