## WILTON HYLTON v. COMMISSIONER OF CORRECTION
### (AC 21508)

Mihalakos, Dranginis and O'Connell, Js.

Submitted on briefs November 1—officially released December 25, 2001

*Katharine S. Goodbody*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Anne O. Holley*, deputy assistant state's attorney, and *Angela R. Macchiarulo*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly determined that he was not deprived of the effective assistance of counsel. We affirm the judgment of the habeas court.

The petitioner had pleaded guilty to the charges in two criminal matters pending against him. In the first case, the petitioner pleaded guilty to murder in violation of General Statutes § 53a-54a, attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (1), and assault in the first degree in violation of General Statutes § 53a-59 (a) (1). In the second case, the petitioner pleaded guilty to robbery in the first degree in violation of General Statutes § 53a-134 and assault in the first degree in violation of § 53a-59. He was sentenced to a total effective term of thirty-five years in the custody of the commissioner of correction.

Subsequently, the petitioner filed an amended petition for a writ of habeas corpus, claiming that he had been deprived of effective assistance of counsel. Following an evidentiary hearing, the court denied the petition and later granted certification to appeal. This appeal followed.

Specifically, the petitioner claims that trial counsel's failure (1) to investigate adequately the charges against the petitioner, (2) to pursue suppression of the petitioner's confession, and (3) to assure that the petitioner's plea was voluntary, intelligent and knowing caused counsel's representation to be ineffective and prejudiced the petitioner.

"Our standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citation omitted; internal quotation marks omitted.) *Milner* v.

*Commissioner of Correction,* 63 Conn. App. 726, 737–38, 779 A.2d 156 (2001).

"[T]o prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) Id., 738.

The court, in its oral decision,[1] stated that it "cannot find from the evidence in this case that the petitioner has even established the first prong of [*Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] that [counsel's representation] fell below a standard of care for the advice that he gave. . . . Considering all the facts that have been testified to today . . . this court cannot make a determination that it would have been that the petitioner has been prejudiced by the acts of his attorney."

On the basis of our review of the record, we conclude that the court properly determined that the petitioner failed to satisfy his burden of establishing that his trial counsel provided ineffective assistance.

The judgment is affirmed.

---

[1] The transcript of the decision was signed by the court in accordance with Practice Book § 64-1.