## JACOB CRUMP *v.* COMMISSIONER OF CORRECTION
## (AC 21800)

Mihalakos, Dranginis and Dupont, Js.

Submitted on briefs December 10, 2001—officially released
February 19, 2002

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*Linda N. Howe*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

MIHALAKOS, J. The petitioner, Jacob Crump, appeals from the habeas court's dismissal of his third amended petition for a writ of habeas corpus. On appeal, he claims that the court improperly failed to find that (1) his trial counsel was ineffective, (2) his appellate counsel was ineffective and (3) he was innocent. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our disposition of this appeal. The petitioner was charged with the crimes of murder, attempt to commit murder, assault in the second degree, carrying a pistol without a permit and conspiracy to commit murder. After a trial by jury, the petitioner was convicted of attempt to commit murder, carrying a pistol without a permit and conspiracy to commit murder. On January 20, 1995, he was sentenced to an effective term of imprisonment of twenty years, execution suspended after fourteen years, and five years probation. His conviction was affirmed on direct appeal. *State* v. *Crump*, 43 Conn. App. 252, 683 A.2d 402, cert. denied, 239 Conn. 941, 684 A.2d 712 (1996).

Subsequently, the petitioner filed a third amended petition for a writ of habeas corpus, alleging ineffective assistance of both trial and appellate counsel, and actual innocence.[1] Following an evidentiary hearing,

[1] The petition alleged in the first count that the petitioner was denied the effective assistance of counsel in violation of his federal and state constitutional rights in that trial counsel (1) failed to object and thereby preserve for appellate review the charge of conspiracy in that said charge was a legal impossibility; (2) failed to investigate possible defenses, to wit: (a) failed to acquaint himself with the facts and circumstances of the alleged coconspirator's case so that he was not caught unaware at the hearing in probable cause; (b) failed to obtain transcripts of the hearing in probable

the court dismissed the petition and later granted certification to appeal. This appeal followed.

Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. "Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Hylton* v. *Commissioner of Correction*, 67 Conn. App. 471, 472, 786 A.2d 1292 (2001), cert. denied, 259 Conn. 924, 792 A.2d 854 (2002).

In *Strickland* v. *Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court considered "the proper standards for judging a criminal defendant's contention that the Constitution requires a conviction . . . be set aside because counsel's assistance at the trial . . . was ineffective." A claim of ineffective assistance of counsel has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance preju-

cause and trial in the matter of *State* v. *Bagley*, 35 Conn. App. 138, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994); (c) failed to interview the petitioner's brother to ascertain the contents of his police statement; and (3) failed to call Stefan Bagley to testify that petitioner was not engaged in a conspiracy with him on August, 14, 1991.

The second count of the petition alleged that appellate counsel was ineffective in that he failed to brief properly the claim that conviction on the charge of conspiracy constituted a legal impossibility when the sole alleged coconspirator lacked the specific intent for murder so that the Appellate Court would review the claim.

The third count alleged that the petitioner actually is innocent because he did not participate in the crimes with which he was charged.

diced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 687; see also *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 455, 610 A.2d 598 (1992).

To satisfy the first component, the petitioner must prove, under all of the circumstances existing at the time of the trial, that the representation fell below an objective standard of reasonableness, and he must also overcome the presumption that alleged ineffective assistance was not the result of sound trial strategy. *Strickland* v. *Washington*, supra, 466 U.S. 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction*, 66 Conn. App. 598, 601, 785 A.2d 1143 (2001). If the first prong is met, then the petitioner must prove that trial counsel's errors were such that they deprived the petitioner of a fair trial and that, but for the errors, the result of the trial would have been different. Id., 601–602.

"The constitutional right of a criminal defendant to effective assistance of counsel also includes the right to such assistance on the defendant's first appeal as of right. . . . We have adopted the two-part *Strickland* analysis in the context of a claim of ineffective assistance of appellate counsel." (Internal quotation marks omitted.) *Bunkley* v. *Commissioner of Correction*,

supra, 222 Conn. 455. "Thus, since [t]he purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding . . . that 'proceeding' must be regarded as the entire continuum of the adjudicatory process, both trial and appeal." (Citation omitted; internal quotation marks omitted.) Id., 460.

The petitioner first claims that he was denied the effective assistance of counsel in violation of his federal and state constitutional rights. Specifically, he claims that because his trial counsel did not object to the charge of conspiracy to commit murder and his appellate counsel failed to brief the issue, he was deprived of effective assistance of counsel. The crux of the petitioner's argument is that it was legally impossible for him to be convicted of conspiracy to commit murder because his alleged coconspirator was convicted of involuntary manslaughter, and, therefore, did not possess the necessary intent for murder. Because the petitioner's claims of ineffective assistance of trial counsel and appellate counsel are centered on his conspiracy conviction, and our standard of review is the same for both, we will address these claims together.

"[C]onspiracy requires a showing that two or more co-conspirators intended to engage in or cause conduct that constitutes a crime. Under our statute, therefore, a defendant cannot be guilty of conspiracy if the only other member of the alleged conspiracy lacks *any* criminal intent." (Emphasis added.) *State* v. *Grullon*, 212 Conn. 195, 199, 562 A.2d 481 (1989). "Conspirators need not all be charged in order to sustain a conviction of one of them for conspiracy." *State* v. *Shaw*, 24 Conn. App. 493, 494 n.1, 589 A.2d 880 (1991). Even if a coconspirator is charged and acquitted of conspiracy in a separate proceeding, "the conviction of a conspirator may be upheld . . . where there is sufficient evidence

to prove, beyond a reasonable doubt, that the defendant was guilty of conspiracy." *State* v. *Colon*, 257 Conn. 587, 601, 778 A.2d 875 (2001), overruling *State* v. *Robinson*, 213 Conn. 243, 567 A.2d 1173 (1989).[2]

The petitioner's alleged coconspirator, Stefan Bagley, was not charged with conspiracy, but he was convicted of manslaughter in the first degree as a result of an incident that occurred on August 14, 1991. See *State* v. *Bagley*, 35 Conn. App. 138, 139, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994).[3] In a subsequent proceeding, the petitioner was convicted of conspiracy to commit murder, attempt to commit murder and carrying a pistol without a permit. The petitioner's trial counsel did not object to the charge of conspiracy to commit murder, and his appellate counsel failed to adequately brief the claim of legal impossibility. *State* v. *Crump*, supra, 43 Conn. App. 261. He now maintains that those deficiencies constituted ineffective assistance of counsel.

The petitioner cites to *State* v. *Grullon*, supra, 212 Conn. 195, for the proposition that it was legally impossible for him to be convicted of conspiracy to commit murder because his alleged coconspirator lacked the

---

[2] The habeas court properly cited to *State* v. *Robinson*, supra, 213 Conn. 253, for the proposition that "[i]f Bagley had been acquitted of conspiring with the petitioner, then obviously the petitioner could not later be found guilty of conspiring with Bagley since the crime of conspiracy involves an illegal agreement by one person with at least one other person." On August 14, 2001, however, our Supreme Court overruled *Robinson* and held that a defendant can be guilty of conspiracy if his alleged coconspirator is acquitted in a separate proceeding. *State* v. *Colon*, supra, 257 Conn. 601.

[3] In a separate trial before the petitioner's hearing in probable cause, Bagley was convicted of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-59 (a) (1) and 53a-49, and assault in the second degree in violation of General Statutes § 53a-60 (a) (2). *State* v. *Bagley*, supra, 35 Conn. App. 139. The state had charged Bagley with murder, but the charge was reduced to manslaughter after his hearing in probable cause. Id., 140 n.2.

requisite intent. This reliance is misplaced. In *Grullon*, the alleged coconspirator was a police informant. The court held "[u]nless the state proved that some other person, with *culpable intent*, agreed with the defendant to violate the law, the defendant was entitled to acquittal on this count." (Emphasis added.) Id., 203. In the present case, the petitioner's coconspirator was convicted of manslaughter in the first degree. "Lack of the requisite intent for murder, however, does not necessarily relieve the defendant of criminal culpability." (Internal quotation marks omitted.) *State* v. *Cartagena*, 47 Conn. App. 317, 323, 708 A.2d 964 (1997), cert. denied, 244 Conn. 904, 714 A.2d 3 (1998). In fact, "manslaughter in the first and second degrees and criminally negligent homicide are lesser included offenses within the crime of murder." (Internal quotation marks omitted.) Id.

Because Bagley was convicted of manslaughter, the petitioner cannot show that his coconspirator lacked criminal intent. The fact that Bagley was not charged with conspiracy does not bar the state from bringing conspiracy charges against the petitioner or void his conviction of conspiracy. See *State* v. *Shaw*, supra, 24 Conn. App. 494 n.1. The petitioner's claim of legal impossibility must fail as a matter of law. Accordingly, counsel's refusal to pursue a defense destined to fail, as a matter of law, does not constitute ineffective assistance of counsel.

In addition, the petitioner claims that trial counsel failed to investigate possible defenses and failed to call Bagley to testify that the petitioner was not engaged in a conspiracy with him on August 14, 1991. The court found "that the various legal positions [trial counsel] took during the course of the criminal trial were consistent with his obligation to provide a vigorous and exhaustive defense for the petitioner."

On the basis of our review of the record, we conclude that the petitioner has failed to overcome the presump-

tion that the performance of both counsel fell within the wide range of reasonable professional assistance. See *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). The court, therefore, properly determined that the petitioner failed to satisfy his burden of establishing that either trial counsel or appellate counsel provided ineffective assistance.

The petitioner's final claim is that the court improperly concluded that he was not innocent of the crimes with which he was charged. The substance of the petitioner's argument is that the witnesses' testimony at the criminal trial conflicted with the testimony at the habeas trial. We are not persuaded.

"In a petition for a writ of habeas corpus, the proper standard for evaluating a freestanding claim of actual innocence, like that of the petitioner, is twofold. First, the petitioner must establish by clear and convincing evidence that, taking into account all of the evidence— both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial— he is actually innocent of the crime of which he stands convicted. Second, the petitioner must also establish that, after considering all of that evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact finder would find the petitioner guilty of the crime." (Internal quotation marks omitted.) *Denby* v. *Commissioner of Correction*, 66 Conn. App. 809, 817, 786 A.2d 442 (2001), cert. denied, 259 Conn. 908, 789 A.2d 994 (2002), quoting *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 747, 700 A.2d 1108 (1997).

The court found that "the testimony of all of [the witnesses] was inconsistent, contradictory of each other and contradicted by evidence offered at the criminal trial." In addition, the court found none of the witnesses offered by the petitioner to be credible with respect to the testimony at the habeas trial. The peti-

tioner therefore failed to prove by clear and convincing evidence that he did not conspire with Bagley to commit murder. In addition, he failed to establish that no reasonable fact finder would find him guilty of the crimes with which he was charged.

The judgment is affirmed.

In this opinion the other judges concurred.