## DANNY BEVERLY *v.* COMMISSIONER OF CORRECTION
### (AC 27146)

Schaller, Rogers and Lavine, Js.

Argued February 22—officially released May 15, 2007

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*Christopher T. Godialis,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Danny Beverly, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. Following that denial, the court granted the petitioner's request for certification to appeal.[1] The petitioner claims that the court improperly denied the petition because he received ineffective assistance of counsel. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the appeal. The petitioner was convicted after a jury trial of manslaughter in the first degree with a firearm, assault in the first degree and carrying a pistol or revolver without a permit. Thereafter, the court found that the petitioner had used a firearm in the commission of a class B felony in violation of General Statutes § 53-202k and enhanced his sentence accordingly. He received a total effective sentence of fifty years imprisonment. The petitioner's conviction was upheld on appeal. *State* v. *Beverly,* 72 Conn. App. 91, 95, 805 A.2d 95, cert. denied, 262 Conn. 910, 810 A.2d 275 (2002).

In an amended petition for a writ of habeas corpus filed July 12, 2005, the petitioner alleged that he received ineffective assistance of counsel partly as a result of the failure of his trial counsel, Donald D. Dakers, to remove two potentially biased jurors.[2] On August 24,

---

[1] See General Statutes § 52-470 (b).

[2] The petitioner also alleged that he received ineffective assistance from his appellate counsel and that the trial judge made various errors that adversely affected his right to a fair trial. The petitioner's allegations against his appellate counsel were withdrawn with prejudice. The habeas court further found that the petitioner was procedurally defaulted from raising his claims against the trial judge, and the petitioner has not appealed from this determination.

2005, the court denied the petition, concluding that Dakers had provided "quality representation." It thereafter granted certification to appeal, and this appeal followed. Additional facts will be set forth as necessary.

"Our standard of review in a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Griffin* v. *Commissioner of Correction*, 97 Conn. App. 200, 202, 903 A.2d 273, cert. denied, 280 Conn. 922, 908 A.2d 543 (2006).

"The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the federal constitution, and by article first, § 8, of the constitution of Connecticut. In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Nieves* v. *Commissioner of Correction*, 92 Conn. App. 534, 536, 885 A.2d 1268 (2005), cert. denied, 277 Conn. 903, 891 A.2d 2 (2006).

The petitioner claims that the court improperly concluded that he failed to prove his claim of ineffective

assistance of counsel with respect to the selection of the jury. He argues that Dakers' decisions to accept jurors R and L were not objectively reasonable and that he was prejudiced as a result.[3]

In support of his claim, the petitioner refers to several responses made by R and L during their voir dire examinations. Specifically, R stated that he "wouldn't trust . . . totally" someone who sold or used narcotics and that any drug use by the petitioner on the night in question "would cause [him] to feel that [the petitioner was] guilty right away . . . [because drugs] impair judgment . . . ." In response to a question as to whether he believed that the petitioner would be more likely to have committed the crime because he is a black man, R answered, "No. . . . It's his environment. It's not his fault." L indicated that it would be difficult for her to be fair to the petitioner if a gun was involved in the case because she had such strong feelings concerning guns. She subsequently stated, however, that she would need to hear the evidence before finding the petitioner guilty.

At the habeas hearing, Dakers explained his reasons for accepting the two jurors. He testified that R's statements as to drug use did not concern him considering that R had a prior drug arrest, some of the state's witnesses were drug dealers and R had answered that he would be able to follow an instruction from the court as to the effect of intoxication. Dakers also stated that he believed that R would be a good juror for the defense because he was unable to distinguish between proof beyond a reasonable doubt and proof to an absolute certainty. With respect to his acceptance of L, Dakers testified that he chose her knowing that the state's

---

[3] To protect the identities and privacy interests of the jurors, we refer to them by their first initials. See, e.g., *State* v. *Peeler*, 267 Conn. 611, 620 n.9, 841 A.2d 181 (2004).

essential witnesses were convicted felons because she had indicated that a witness' credibility could be undermined by a prior felony conviction.

In its memorandum of decision, the court determined that Dakers' decisions to accept the two jurors were tactical decisions and that it was entirely too speculative to presume that either of the jurors would have been removed for cause as a result of a challenge by Dakers or that, if they had been removed, the result of the trial would have been different.

The court evaluated all of the testimony and determined that the petitioner failed to meet his burden of proving both of the *Strickland* prongs. We agree. To satisfy the first prong of *Strickland*, "the petitioner must prove, under all the circumstances existing at the time of the trial, that the representation fell below an objective standard of reasonableness, and he must also overcome the presumption that alleged ineffective assistance was not the result of sound trial strategy." *Crump* v. *Commissioner of Correction*, 68 Conn. App. 334, 337, 791 A.2d 628 (2002). As the habeas court found, the decisions to accept R and L were guided by professional judgment; Dakers carefully considered the possible harm as well as the potential benefit of selecting each juror. We consistently have declined to second-guess such decisions. See, e.g., *Toccaline* v. *Commissioner of Correction*, 80 Conn. App. 792, 802, 837 A.2d 849, cert. denied, 268 Conn. 907, 845 A.2d 413, cert. denied sub nom. *Toccaline* v. *Lantz*, 543 U.S. 854, 125 S. Ct. 301, 160 L. Ed. 2d 90 (2004); *Ostolaza* v. *Warden*, 26 Conn. App. 758, 776–77, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992). Accordingly, this claim must fail. We therefore do not analyze the petitioner's claim under the prejudice prong. See *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 428–29, 589 A.2d 1214 (1991).

The judgment is affirmed.