CHARLES SPELLS *v.* COMMISSIONER OF CORRECTION
(AC 28278)

Lavine, Beach and Peters, Js.

Argued March 13—officially released June 3, 2008

*James M. Fox*, special public defender, for the appellant (petitioner).

*Robin S. Schwartz*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *John J. Davenport*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Charles Spells, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, he

claims that the court improperly concluded that his trial counsel did not render ineffective assistance by failing (1) to seek the recusal of the trial court and (2) to test certain hair samples in time to offer the results as evidence. We affirm the judgment of the habeas court.

The relevant facts are set forth in this court's decision affirming the petitioner's conviction on direct appeal. See *State* v. *Spells*, 76 Conn. App. 67, 818 A.2d 808, cert. denied, 266 Conn. 901, 832 A.2d 67 (2003). On October 20, 2000, the petitioner and an accomplice, James Butler, held up a convenience store in Waterbury. Both men were armed and wore masks. They took $400 from the cash register, robbed and assaulted a customer and drove away in the vehicle of another customer. Id., 70. The police later found that vehicle in a nearby parking lot. Id. Inside it was a black neoprene mask containing several strands of hair. On October 24, 2000, the police received a telephone call that led them to consider the petitioner a suspect in the case. Id. When questioned by the police, the petitioner confessed to the crime and implicated Butler as his accomplice. Id., 70–71. In his statement, the petitioner provided specific details of the crime, including where the vehicle taken from the store had been abandoned and the fact that the keys had been thrown into a wooded area behind the vehicle. Id., 71. In the petitioner's apartment, the police found several black masks, one of which was identified by a witness as being similar to the mask worn by one of the men who had robbed the convenience store. Id. On October 30, 2000, Butler was arrested. He subsequently confessed to the crime and implicated the petitioner. Id., 71 n.1.

At trial, the petitioner, who was represented by attorney Louis S. Avitabile, asserted that his statement to the police was fabricated and that he was innocent. On May 25, 2001, he was convicted of three counts of

robbery in the first degree in violation of General Statutes § 53a-134 (a) (4) and one count of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4). After the verdict was announced, the petitioner became physically aggressive, pushing over a chair that hit one of the courtroom marshals. When the marshals were unable to subdue the petitioner, Judge O'Keefe, who was presiding, left the bench and held the petitioner down so that the marshals could handcuff him.

On July 30, 2001, as the prosecutor was addressing the court with the state's sentencing recommendations, the petitioner spat on the prosecutor. After the petitioner was removed from the courtroom, the trial court made the following statements. "I feel very badly for the [prosecutor], who is a dedicated, hardworking public servant, just trying to do his job, and he does it well, trying to protect law-abiding citizens from people like [the petitioner]. And to have to put up with this is disturbing." The court sentenced the petitioner to a total effective term of forty-five years in prison. Thereafter, this court affirmed the conviction on appeal. After the Supreme Court denied certification to appeal, the petitioner filed a petition for a writ of habeas corpus, in which he alleged that Avitabile provided ineffective assistance of counsel. An evidentiary hearing was held on May 25, 2006. On October 31, 2006, the habeas court denied the habeas petition in a memorandum of decision, concluding that the petitioner failed to meet his burden of proving that counsel's performance was deficient and that he suffered prejudice. On November 8, 2006, the court granted the petitioner certification to appeal to this court. This appeal followed.

We first set forth the standard of review applicable to our analysis of the petitioner's claims. "Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas

appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . .

"The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. . . .

"The second part of the *Strickland* analysis requires more than a showing that the errors made by counsel

may have had some effect on the outcome of the proceeding. . . . Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.

"Because both prongs [of *Strickland*] must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . . Accordingly, a court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim." (Citations omitted; internal quotation marks omitted.) *Crocker* v. *Commissioner of Correction*, 101 Conn. App. 133, 136–37, 921 A.2d 128, cert. denied, 283 Conn. 905, 927 A.2d 916 (2007).

I

The petitioner first claims that the court improperly failed to find that Avitabile rendered ineffective assistance for failing to seek the recusal of the trial judge. Specifically, the petitioner asserts that recusal of the judge was warranted, pursuant to canon 3 (c) of the Code of Judicial Conduct[1] because a reasonable person

[1] Canon 3 (c) (1) of the Code of Judicial Conduct provides in relevant part: "A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (A) the judge has a personal bias or prejudice concerning a party . . . ." We reject the petitioner's suggestion that the judge violated this canon. As this court stated in its decision on the petitioner's direct appeal: "We conclude, therefore, that there was no reason for the judge to recuse himself for having made a statement on the record in recognition of the difficult tasks performed by the judicial marshals and the prosecutor in the face of the [petitioner's] disruptive behavior." *State* v. *Spells*, supra, 76 Conn. App. 85.

would question the impartiality of a judge who physically restrained a defendant and made sympathetic remarks to a prosecutor. We do not agree.

At the habeas trial, Avitabile testified that because Judge O'Keefe had a reputation for being fair and had not disciplined the petitioner for the courtroom disturbances, he believed that it would be best for his client not to request a disqualification or recusal. The habeas court concluded that Avitabile had acted reasonably. It stated: "Once the normal decorum surrounding court proceedings was again established, Judge O'Keefe continued to preside over the petitioner's matter in what can only be described as an unbiased manner. . . . The petitioner here has not presented any evidence that shows a reasonable person would call into question Judge O'Keefe's impartiality."

We agree with the court that because Avitabile's representation of the petitioner comported with an objective standard of reasonableness, the petitioner has failed to satisfy the first prong of *Strickland*. To satisfy this prong, the petitioner would have to demonstrate that Avitabile's performance was "not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law . . . ." (Internal quotation marks omitted.) *Lewis* v. *Commissioner of Correction*, 89 Conn. App. 850, 855, 877 A.2d 11, cert. denied, 275 Conn. 905, 882 A.2d 672 (2005). The petitioner has made no such showing.

The petitioner has not demonstrated that a lawyer in Avitabile's position would have any reason to doubt the trial court's fairness. Avitabile testified at the habeas trial that he considered it favorable to the petitioner's interests that the court did not hold the petitioner in contempt after he caused the courtroom disturbance. The court likewise opined: "If anything, the outburst

perversely *benefited* the petitioner."[2] (Emphasis in original.) Additionally, the court described itself as "hardpressed to see how *any* attorney could render deficient performance by failing to request recusal" in this case, given this court's conclusion on appeal that the judge had no duty to recuse himself. (Emphasis in original.)

We concur with the court's conclusion that Avitabile's decision not to seek disqualification of a judge reputed to be a fair jurist was a sound trial strategy. "To satisfy the first prong of *Strickland*, the petitioner must . . . overcome the presumption that alleged ineffective assistance was not the result of sound trial strategy." (Internal quotation marks omitted.) *Beverly* v. *Commissioner of Correction*, 101 Conn. App. 248, 252, 922 A.2d 178, cert. denied, 283 Conn. 907, 927 A.2d 916 (2007). The petitioner's first claim thus fails under the first prong of *Strickland*.[3]

## II

The petitioner additionally claims that the court improperly failed to conclude that Avitabile rendered ineffective assistance by not proffering certain hair sample test results as evidence at trial. According to the petitioner, Avitabile's failure to present these results constituted ineffective assistance because it deprived him of an adequate defense. We do not agree.

The following additional facts are relevant to our resolution of the petitioner's claim. It was Avitabile's

---

[2] Due to concerns that the jury might have overheard the petitioner's outburst, the state opted to withdraw its part B information. The part B information would have exposed the petitioner to a considerably longer sentence.

[3] The petitioner makes the additional related claim that Avitabile's failure to preserve the issue of the judge's recusal for appellate review amounted to ineffective assistance of counsel. Because we agree with the court that Avitabile's tactics and strategy were consistent with the raised defense of actual innocence, we conclude that the petitioner's claim of ineffective assistance of counsel for failure to preserve appellate issues likewise fails under the first prong of *Strickland*.

trial strategy to cast doubt on the reliability of the petitioner's confession, which he asserted was coerced, by emphasizing the lack of physical evidence tying the petitioner or his alleged accomplice to the crime. To do this, Avitabile planned to use the results of a hair analysis test conducted by the state, which he believed would establish that neither the petitioner nor his alleged accomplice, Butler, was the source of the hair recovered from the mask found in the car.

On the eve of the trial, however, the state informed Avitabile that the hair samples from the mask and from the petitioner had not been sent to the laboratory for analysis. Avitabile immediately requested a continuance so that the analysis could be completed before trial. The court denied the continuance but ordered the state to compare the hair of the petitioner to that found in the mask. The results of that analysis, which were submitted to the jury, excluded the petitioner as a possible source of the mask hair. The results of a subsequent analysis comparing Butler's hair to the hair found in the mask, which were not submitted to the jury, indicated that Butler's hair and the hair found in the mask were dissimilar. *State* v. *Spells*, supra, 76 Conn. App. 74.

The court concluded that the petitioner failed to demonstrate, pursuant to the second prong of *Strickland*, that he was prejudiced by Avitabile's failure to submit the test results comparing Butler's hair to the hair from the mask as evidence at trial. We agree with the court. The petitioner did not show that there was a reasonable probability that, but for Avitabile's failure to present these test results, the outcome of his trial would have been different. The absence of test results did not impede the petitioner from presenting his theory that there was no scientific evidence linking him or Butler to the crime. See *State* v. *Brown*, 242 Conn. 445, 461,

700 A.2d 1089 (1997).[4] Moreover, a different result was not probable in light of the evidence presented by the state. The jury reasonably could have relied on the petitioner's detailed confession, Butler's corroborating statement and other witness statements to find the petitioner guilty beyond a reasonable doubt.

We conclude that the court properly determined that the petitioner failed to demonstrate, pursuant to the second prong of *Strickland,* that he was prejudiced by Avitabile's failure to proffer the test results at issue as evidence at trial. The petitioner's second claim thus fails.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] Additionally, the petitioner's failure to provide the court with trial transcripts prevented the court from examining the petitioner's claim in light of the evidence actually presented to the jury.