### KELWOOD WHITE *v.* COMMISSIONER OF CORRECTION
### (AC 20948)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*James M. Fox,* special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas,* state's attorney, and *John A. East III* and *Angela Macchiarulo,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Kelwood White, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly rejected his claim of ineffective assistance of counsel. We affirm the judgment of the habeas court.

In the habeas court, the petitioner claimed that he was deprived of effective assistance of counsel at his violation of probation hearing held on May 16, 2000. Specifically, he claimed that his counsel failed (1) to inform him of his appellate rights and (2) to conduct an adequate pretrial investigation.[1] The court, after a trial on the merits, rendered its decision, concluding that the petitioner had failed to establish ineffective assistance of counsel. On June 5, 2000, the court granted certification to appeal. This appeal followed.

The standard of review in habeas cases is well settled. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction,* 59 Conn. App. 302, 303, 755 A.2d 380, cert. denied, 254 Conn. 943, 761 A.2d 760 (2000). "For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance

---

[1] The sole issue raised on appeal involves the petitioner's claim that he was not advised of his appellate rights. We therefore limit our discussion to that claim.

was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." *Payne* v. *Commissioner of Correction*, 62 Conn. App. 583, 585, 772 A.2d 630 (2001), citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In its memorandum of decision, the habeas court credited counsel's testimony and rejected the petitioner's testimony. Accordingly, the habeas court concluded that the petitioner failed to carry the burden of proof required to establish that his counsel had provided ineffective assistance.

In his brief, the petitioner concedes that the sole evidence that counsel failed to inform him of his appellate rights was "the competing uncorroborated testimony of [the petitioner] and his former counsel . . . ." "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Citations omitted; internal quotation marks omitted.) *Wieler* v. *Commissioner of Correction*, 47 Conn. App. 59, 61, 702 A.2d 1195, cert. denied, 243 Conn. 957, 704 A.2d 806 (1997). Thus, the petitioner cannot successfully challenge the habeas court's decision to credit counsel's testimony and to reject his testimony.

The judgment is affirmed.