## CHARLES LOGAN *v.* COMMISSIONER OF CORRECTION
## (AC 21596)

Landau, Mihalakos and Dupont, Js.

Submitted on briefs December 13, 2001—officially released February 19, 2002

*Sebastian O. DeSantis*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Susan C. Marks*, supervisory assistant state's attorney, and *John F. Fahey*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Charles Logan, appeals from the habeas court's denial of his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that

he failed to prove his claim of ineffective assistance of counsel. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to our disposition of this appeal. The petitioner was charged with the crimes of murder, conspiracy to commit murder, with three counts of assault in the first degree and with violation of probation in connection with events occurring on September 29, 1995. On September 6, 1996, counsel filed eleven motions on the petitioner's behalf, including a motion to suppress the petitioner's statement given to the police. On November 6, 1997, the petitioner entered a plea of guilty under the *Alford*[1] doctrine to murder, conspiracy to commit murder and violation of probation. In accordance with his plea agreement, the petitioner was sentenced to thirty-one years imprisonment. No direct appeal was filed in this case.

On September 25, 2000, the petitioner filed an amended petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel. Following an evidentiary hearing, the court denied the petition and later granted the petition for certification to appeal. This appeal followed.

Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. "Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Hylton* v. *Commissioner of Correction*, 67 Conn. App. 471, 472, 786 A.2d 1292 (2001), cert. denied, 259 Conn. 924, 792 A.2d 854 (2002).

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

A claim of ineffective assistance of counsel has two components. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); see also *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 455, 610 A.2d 598 (1992).

To show that counsel's performance was deficient, the petitioner must prove, under all of the circumstances existing at the time of the trial, that the representation fell below an objective standard of reasonableness, and he must also overcome the presumption that the trial conduct was sound trial strategy. *Strickland* v. *Washington*, supra, 466 U.S. 688–89. Because the petitioner pleaded guilty, to satisfy the prejudice prong he must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Constantopoulos* v. *Commissioner of Correction*, 47 Conn. App. 828, 833–34, 708 A.2d 588, cert. denied, 244 Conn. 927, 711 A.2d 726 (1998), quoting *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

The petitioner claims that he was deprived of the effective assistance of counsel because counsel did not fully inform him of the possibility of acquittal and, therefore, his plea was not knowing, voluntary and intelligent. The habeas court, however, found that counsel "conferred with the petitioner and explained the pros and cons of the case extensively." In addition, the petitioner claims that had he been fully aware of his chances of success, he would have insisted on going to trial. We are not persuaded.

The court, in its denial of the habeas petition, relied heavily on the credibility of the witnesses. "This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) *White* v. *Commissioner of Correction*, 66 Conn. App. 847, 849, 788 A.2d 1261 (2001).

The habeas court concluded, from its review of the evidence, that the petitioner was not deprived of the effective assistance of counsel because his trial counsel effectively evaluated the petitioner's alibi witnesses, considered the petitioner's statement to the police, engaged in plea negotiations with the state and discussed the case with the petitioner. Thus, the petitioner cannot successfully challenge the habeas court's decision to credit counsel's testimony and to reject his testimony. Accordingly, the habeas court properly concluded that the petitioner failed to satisfy his burden of proving that counsel's performance fell below an objective standard of reasonableness.

The judgment is affirmed.