## SCOTT LEWIS *v.* COMMISSIONER OF CORRECTION
### (AC 22517)

Foti, Schaller and West, Js.

Submitted on briefs September 16—officially released November 19, 2002

*Scott Lewis*, pro se, the appellant (petitioner), filed a brief.

*Michael Dearington*, state's attorney, and *Christopher T. Godialis*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. In this uncertified appeal, the pro se petitioner, Scott Lewis, seeks reversal of the judgment of the habeas court denying his amended petition for a writ of habeas corpus. He claims that the court acted improperly (1) in concluding that the testimony of Michael Sweeney, a police detective, did not constitute newly discovered evidence and (2) in failing to draw an adverse inference against the respondent commissioner of correction when Ovil Ruiz, a witness at the habeas trial, invoked his fifth amendment privilege against compelled self-incrimination.

The record discloses that the petitioner, pursuant to General Statutes § 52-470 (b), filed a petition asking Associate Justice Joette Katz of the Supreme Court for

certification to appeal from the judgment of the habeas court and that she denied his petition.[1] Accordingly, the petitioner bears the burden of demonstrating that Justice Katz's ruling constituted an abuse of discretion. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999). If the petitioner fails to satisfy that burden, then his claim that the judgment of the habeas court should be reversed does not qualify for consideration. See *Simms* v. *Warden*, supra, 612.

In the present case, the petitioner, in both his principal brief and in his reply brief, failed to advance any arguments challenging the propriety of Justice Katz's ruling. Moreover, the record before us does not include the transcript of the petitioner's habeas trial. Instead of providing that transcript, the petitioner wrote a letter to this court, stating that "no transcript is deemed necessary to be ordered."

"The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate

---

[1] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

review." (Citation omitted; internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction*, 66 Conn. App. 598, 602, 785 A.2d 1143 (2001); see also Practice Book § 61-10.[2] "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a [habeas] court." (Internal quotation marks omitted.) *State* v. *Torres*, 60 Conn. App. 562, 571, 761 A.2d 766 (2000), cert. denied, 255 Conn. 925, 767 A.2d 100 (2001). Under those circumstances, we only can speculate as to the existence of a factual predicate for the habeas court's rulings. See *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 608, 710 A.2d 190 (1998). "Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *State* v. *Brown*, 256 Conn. 291, 303, 772 A.2d 1107, cert. denied, 534 U.S. 1068, 122 S. Ct. 670, 151 L. Ed. 2d 584 (2001). On the basis of the foregoing reasons, we decline to review further the petitioner's claims.

The denial of the petitioner's petition for certification to appeal did not result from an abuse of discretion.

The appeal is dismissed.

---

[2] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."