# RICHARD LEWIS *v.* COMMISSIONER OF CORRECTION
## (AC 29415)

Flynn, C. J., and Robinson and Sullivan, Js.*

Argued October 26, 2009—officially released June 15, 2010

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Temmy Ann Pieszak*, chief of habeas corpus services, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SULLIVAN, J. The petitioner, Richard Lewis, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The petitioner claims on appeal that the court (1) improperly dismissed his petition when he failed to appear personally on the date scheduled for trial and (2) abused its discretion in denying his motion to open the judgment. We affirm the judgment of the habeas court.

The record contains the following relevant facts and procedural history. On February 24, 2005, in the Superior Court in the judicial district of New Haven, the petitioner pleaded guilty under the *Alford*[1] doctrine to robbery in the second degree in violation of General Statutes § 53a-135. The petitioner was sentenced to seven years of incarceration, suspended after two and one-half years, and one year of probation, which would run concurrently with his probation for a prior conviction. On February 26, 2007, the petitioner filed his first amended petition for a writ of habeas corpus, claiming that his counsel had provided ineffective assistance in

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

that he failed to assure that the petitioner's guilty plea was knowing, intelligent and voluntary.

Trial was scheduled for ten o'clock in the morning on September 11, 2007, in the Superior Court in the judicial district of Tolland at Rockville.[2] The petitioner, who had completed the incarceration portion of his sentence, appeared through counsel but did not appear personally at the scheduled date and time. The court recessed the proceedings to give the petitioner's counsel the opportunity to contact the petitioner. The record reveals that the petitioner's counsel was unable to reach the petitioner. The respondent, the commissioner of correction,[3] then moved to dismiss with prejudice. The petitioner's counsel did not object, did not request the opportunity to proceed with the case and did not request a continuance. Instead, he requested that the dismissal be without prejudice and that the petitioner be given the opportunity to move to open the judgment. The court ordered that the dismissal be with prejudice but allowed the petitioner to move to open the judgment for good cause shown for his absence at trial, as requested by counsel.

On October 26, 2007, the petitioner filed a motion to open the judgment, arguing that, due to being indigent, he had been unable to obtain transportation from New Haven to Rockville on the day of the scheduled trial and requesting that he be granted a hearing on the merits. No accompanying affidavits were submitted. On October 29, 2007, the court denied the motion to open

---

[2] On March 28, 2007, the court sent notice to the petitioner, informing him of the date and time of the habeas trial and that "[p]arties must be prepared to go forward. Failure to appear may result in judgment of dismissal or default. Motions for continuance must be filed in writing at least [three] business days before the scheduled event and will only be granted under exceptional circumstances."

[3] At the time this habeas petition was filed, the commissioner of correction was Theresa C. Lantz.

and, on November 9, 2007, granted the petitioner's petition for certification to appeal.[4] The petitioner instituted the present appeal.[5]

I

The petitioner challenges the court's judgment dismissing his habeas petition, claiming that such dismissal is reversible error, violated his constitutional rights and requires the exercise of this court's supervisory authority to reverse the habeas court's judgment. The petitioner argues that because no rule of practice provides for a dismissal and there was no court order requiring him to appear at the habeas trial, the dismissal was improper and requires reversal. The petitioner has requested plain error review of his unpreserved claims pursuant to Practice Book § 60-5. We disagree with the petitioner's claims.

The following additional facts are relevant to our resolution of the petitioner's appeal. On the date scheduled for trial, counsel for the petitioner represented to the court that he could not proceed with all parts of

[4] The petition for certification to appeal stated that the appeal was from the October 29, 2007 denial of the motion to open. The petitioner's appeal form referenced the "denial of [the] petition for [a] writ of habeas corpus" and indicated a judgment date of September 11, 2007. The petitioner's preliminary statement of issues referred to the denial of the motion to open. In *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 138, 712 A.2d 947 (1998), our Supreme Court concluded that "at least in the absence of demonstrable prejudice, the legislature did not intend the terms of the habeas court's grant of certification to be a limitation on the specific issues subject to appellate review." In this case, the respondent has not argued that she suffered any prejudice due to the discrepancy between the petition for certification to appeal and the issues raised in the petitioner's appeal.

We further note that the appeal from the dismissal was filed late but that the respondent acknowledges that she waived any objection to the late appeal by failing to move to dismiss within the prescribed time frame under Practice Book § 66-8.

[5] We do not endorse the procedure followed by the parties. The proper procedure would have been to request certification to appeal to challenge both the dismissal of the petition and the denial of the motion to open, and subsequently indicate both decisions on the appeal form.

the petition at that time. Counsel also stated that his client knew the time, date and location of the scheduled trial. He stipulated that he did not know if a valid reason existed for the petitioner's absence.

The petitioner admits in his appellate brief that the arguments made on appeal were not presented to the habeas court. As we long have held, "[t]he . . . failure to raise [an] issue at trial deprive[s] the trial court of the opportunity to address it. [T]o review [a] claim, which has been articulated for the first time on appeal and not before the trial court, would result in a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Rosenblit* v. *Laschever*, 115 Conn. App. 282, 287 n.4, 972 A.2d 736 (2009).

Despite our reluctance to review unpreserved claims, the plain error doctrine exists as "an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy." (Internal quotation marks omitted.) *In re Tremaine C.*, 117 Conn. App. 521, 535 n.13, 980 A.2d 317, cert. denied, 294 Conn. 920, 984 A.2d 69 (2009). "Success on such a claim is rare. Plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Ortiz*, 71 Conn. App. 865, 871, 804 A.2d 937, cert. denied, 261 Conn. 942, 808 A.2d 1136 (2002).

We cannot conclude that under the facts and circumstances of the present case, the court committed plain error in dismissing the habeas petition. Even if the petitioner is correct in asserting the general rule in civil cases that litigants may appear through counsel, the dismissal under the circumstances here, in which counsel did not request a continuance and indicated that he could not proceed on all parts of the petition, does not constitute plain error. Although the petitioner asks us to decide the question in his favor as an exercise of our supervisory authority, due to what in his view amounts to the regular practice of the habeas court to dismiss petitions when the petitioner fails to appear for trial, we decline to do so.

## II

The petitioner also claims that the court improperly denied his motion to open the judgment dismissing his petition for a writ of habeas corpus. It is the burden of the appellant to provide a record from which we can review the court's decision. No memorandum of decision was filed by the court, and the petitioner has not provided us with any transcript. We therefore are unable to review the petitioner's claim.[6]

The judgment is affirmed.

In this opinion the other judges concurred.

[6] The respondent argues that the denial of the motion to open is not properly before this court because the petitioner's appeal form indicates that the decision appealed from is the habeas court's decision of September 11, 2007, which was the date of the dismissal. See footnote 4 of this opinion. In *Rocque* v. *DeMilo & Co.*, 85 Conn. App. 512, 526, 857 A.2d 976 (2004), we held that we do not have jurisdiction when a party, citing one decision on its appeal form, seeks review of another decision that could have otherwise been challenged on appeal and such decision is not indicated on the appeal form. We have also long held that technical defects in the appeal form do not constitute jurisdictional defects. *Pritchard* v. *Pritchard*, 281 Conn. 262, 275, 914 A.2d 1025 (2007). In the present case, the petitioner, although citing the dismissal on the appeal form, did indicate the motion to open in both the petition for certification to appeal and his preliminary statement of issues. We need not decide, however, whether the defect is

technical or substantive because the claim is unreviewable due to the inadequate record.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.