CHARLES LOGAN *v.* COMMISSIONER
OF CORRECTION
(AC 30745)

DiPentima, C. J., and Bear and Foti, Js.

Argued October 12—officially released December 28, 2010

*Sarah F. Summons*, special public defender, for the appellant (petitioner).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Brenda Hans*, assistant state's attorney, for the appellee (respondent).

DiPENTIMA, C. J. The petitioner, Charles Logan, appeals from the judgment of the habeas court in favor of the respondent, the commissioner of correction, following the court's denial of his petition for certification to appeal. On appeal, the petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal, (2) improperly permitted his habeas counsel to withdraw and (3) improperly rendered judgment in favor of the respondent. We dismiss the appeal.

The following factual and procedural history is relevant to the resolution of the petitioner's appeal. The state charged the petitioner with the crimes of murder, conspiracy to commit murder, three counts of assault in the first degree and violation of probation. The petitioner entered a guilty plea, pursuant to the *Alford* doctrine,[1] to murder, conspiracy to commit murder and violation of probation and the court sentenced him to thirty-one years imprisonment. The petitioner did not file a direct appeal.

On September 25, 2000, the petitioner filed an amended petition for a writ of habeas corpus, alleging the ineffective assistance of trial counsel; specifically, that counsel had failed to inform him fully of the possibility of acquittal, and therefore his plea was not knowing, intelligent or voluntary. The petitioner also claimed that had he been informed fully of his chances of success, he would have insisted on going to trial. The habeas court concluded that the petitioner had failed to satisfy his burden of proving that his counsel's performance fell below on objective standard of reasonableness[2] and denied the petition. We affirmed the judgment

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] See *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

of the habeas court. *Logan* v. *Commissioner of Correction*, 68 Conn. App. 373, 374–76, 791 A.2d 638, cert. denied, 260 Conn. 911, 796 A.2d 557 (2002).

On April 5, 2006, the petitioner, representing himself, filed a petition for a writ of habeas corpus, alleging, inter alia, that his plea bargain was not followed, his sentence was illegal and his trial counsel provided ineffective assistance. On July 18, 2006, the court, *Fuger, J.*, granted the motion for the appointment of a special public defender, attorney Tina Sypek D'Amato.

On July 6, 2007, D'Amato moved to withdraw from the case pursuant to Practice Book § 23-41.[3] The petitioner filed an objection on July 17, 2007. On September 27, 2007, the court, *J. Kaplan, J.*, issued a memorandum of decision granting D'Amato's motion and informing the petitioner that he could proceed with his petition pro se.[4] On January 16, 2008, the petitioner filed a

[3] Practice Book § 23-41 provides: "(a) When counsel has been appointed pursuant to Section 23-26, and counsel, after conscientious investigation and examination of the case, concludes that the case is wholly frivolous, counsel shall so advise the judicial authority by filing a motion for leave to withdraw from the case.

"(b) At the time such motion is filed, counsel for the petitioner shall also file all relevant portions of the record of the criminal case, direct appeal and any postconviction proceedings not already filed together with a memorandum of law outlining:

"(1) the claims raised by the petitioner and any other potential claims apparent in the case;

"(2) the efforts undertaken to investigate the factual basis and legal merit of each claim;

"(3) the factual and legal basis for the conclusion that the case is wholly frivolous.

"(c) Any motion for leave to withdraw and supporting memorandum of law shall be filed under seal and provided to the petitioner. Counsel shall serve opposing counsel with notice that a motion for leave to withdraw has been filed but shall not serve opposing counsel with a copy of the motion or any supporting memorandum of law. The petitioner shall have thirty days from the date the motion and supporting memorandum are filed to file a response with the court."

[4] Practice Book § 23-42 (a) provides: "The presiding judge shall fully examine the memoranda of law filed by counsel and the petitioner, together with any relevant portions of the records of prior trial court, appellate and

motion seeking the reappointment of a special public defender, which was denied by the court, *Schuman, J.,* on January 29, 2008.

On February 28, 2008, the petitioner filed a second amended petition for a writ of habeas corpus. The petition contained six counts: The first two counts alleged a lack of subject matter and personal jurisdiction, the third count claimed that his guilty plea was not made intelligently, the fourth count stated that his sentence was illegal, the fifth count alleged that his guilty plea was not voluntary and the sixth count claimed that he had received ineffective assistance of his criminal trial counsel.

On June 13, 2008, the respondent, pursuant to Practice Book § 23-37,[5] filed a motion for summary judgment with respect to counts one through five of the petition. Three days later, the respondent moved to dismiss the sixth count pursuant to Practice Book § 23-29 (3).[6] On July 9, 2008, the petitioner also moved for summary judgment. The court, *A. Santos, J.,* held a hearing on the pending motions on August 19, 2008. On October

postconviction proceedings. If, after such examination, the presiding judge concludes that the submissions establish that the petitioner's case is wholly frivolous, such judge shall grant counsel's motion to withdraw and permit the petitioner to proceed pro se. A memorandum shall be filed setting forth the basis for granting any motion under Section 23-41." See also *Coleman* v. *Commissioner of Correction,* 99 Conn. App. 310, 312–13, 913 A.2d 477, cert. denied, 281 Conn. 924, 918 A.2d 275 (2007).

[5] Practice Book § 23-37 provides: "At any time after the pleadings are closed, any party may move for summary judgment, which shall be rendered if the pleadings, affidavits and any other evidence submitted show that there is no genuine issue of material fact between the parties requiring a trial and the moving party is entitled to judgment as a matter of law."

[6] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ."

3, 2008, the court issued its memorandum of decision granting the respondent's motions and denying the petitioner's motion.

On October 16, 2008, the petitioner filed a petition for certification to appeal from the judgment of the habeas court denying the petition for a writ of habeas corpus. On his application for waiver of fees, costs and expenses and appointment of counsel on appeal form, the petitioner set forth the following as the basis for his appeal: "I the petitioner seeks [to] appeal because the court did not take into consideration my 'Alford doctrine plea' and the fact that, *State* v. *Mack*, Conn. App. The judge reads a defendant's unconditional guilty plea constitutes a waiver of his subsequent challenge to trial court's in personam jurisdiction. Petitioner challenges [whether] or not the Alford doctrine as a plea is an unconditional plea?" On January 16, 2009, Judge Santos denied the petition for certification to appeal. The court appointed counsel for the petitioner.

On January 22, 2009, the petitioner filed the present appeal. On the appeal form, counsel indicated that this appeal was taken from the "dismissal of count six of [the] petition for [a] writ of habeas corpus and granting of [the] respondent's motion for summary judgment." In his preliminary statement of issues, filed on February 2, 2009, the petitioner raised the issue of "whether the habeas court erred in allowing petitioner's appointed counsel to withdraw from representing him on his petition for [a] writ of habeas corpus."

On appeal, the petitioner argues that the habeas court abused its discretion in denying his petition for certification to appeal. He then proceeds to the issues of whether the court improperly permitted counsel to withdraw and, as a result, improperly granted the respondent's motion for summary judgment. The respondent counters, inter alia, that the court could not have abused its

discretion as to the threshold issue of the denial of the petition for certification to appeal because the issue of the granting of the motion to withdraw was never presented as a basis for the petitioner's appeal. Under these specific facts and circumstances, we agree with the respondent.

Our analysis begins with the history behind the certification requirement for appeals from the denial of a petition for a writ of habeas corpus. General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

Our Supreme Court has explained that one of the goals of this statute is to limit the number of appeals filed in criminal cases and to hasten the conclusion of the criminal justice process. *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 699, 699 A.2d 1003 (1997). Additionally, § 52-470 (b) acts as a limitation on the scope of review, and not the jurisdiction, of the appellate tribunal. Id., 697.

We now set forth our the well established standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646

A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Harris* v. *Commissioner of Correction*, 121 Conn. App. 240, 243–44, 994 A.2d 685, cert. denied, 297 Conn. 926, 998 A.2d 1193 (2010). If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court. *Lewis* v. *Commissioner of Correction*, 73 Conn. App. 597, 598, 808 A.2d 1164 (2002), cert. denied, 262 Conn. 938, 815 A.2d 137 (2003).

In the present case, the habeas court denied the petitioner's petition for certification to appeal. Pursuant to our jurisprudence, we may reverse the habeas court's decision on the merits of a petition for a writ of habeas corpus *only* if we first conclude that the court abused its discretion with respect to the petition for certification to appeal. See *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 6–7, 790 A.2d 463, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002).

In *Mitchell*, the petitioner alleged that his trial counsel had provided him with ineffective assistance. Id., 3. The habeas court denied both the petitions for a writ of habeas corpus and certification to appeal. Id., 3–4. On appeal, the petitioner argued that the habeas court abused its discretion in denying certification to appeal

by its handling of his oral request to proceed pro se at the habeas proceeding. Id., 4. We noted that this issue was not part of his habeas petition but instead was raised for the first time on appeal. Id., 4–5. We observed that it was not within our scope of review of the habeas court's decision to deny certification to appeal. Id., 6. We reasoned: "[W]e fail to see how a court could abuse its discretion in failing to grant a petitioner certification to appeal to challenge an issue that was not first presented to the court and then ruled upon by it." Id., 7.

We further reasoned that the ground set forth in the petition for certification to appeal was that the court improperly had denied the petition. Id. "This allegation could in no way apprise the court of the fact that the petitioner was seeking certification to appeal on the basis of the court's treatment of his self-representation request." Id. As a result, we determined that a review of the petitioner's claims "would amount to an ambuscade of the [habeas] judge." (Internal quotation marks omitted.) Id.

In the present case, the petitioner unsuccessfully objected to D'Amato's motion to withdraw. He also filed a motion for a reappointment of a special public defender, which the court denied. His operative petition, however, did not contain any allegation with respect to the issue of D'Amato's withdrawal. The petitioner never raised this issue during the trial on the merits of his habeas petition. Additionally, it was not mentioned in the petition for certification to appeal or on his appeal form. The allegation contained in the petition for certification to appeal failed to apprise the court that the petitioner was seeking certification to appeal on the basis of the granting of D'Amato's motion to withdraw. See id., 7. In short, the petitioner never presented this issue in any manner to Judge Santos.[7]

---

[7] We are mindful of our habeas jurisprudence that, following the granting of a petition for certification to appeal, "at least in the absence of demonstrable prejudice, the legislature did not intend the terms of the habeas court's

Accordingly, we conclude, pursuant to the rationale of *Mitchell* v. *Commissioner of Correction*, supra, 68 Conn. App. 6–8, that the court did not abuse its discretion in denying the petition for certification to appeal.

The only substantive issue raised on appeal related to the granting of the motion to withdraw filed by D'Amato.[8] We may only reach the merits of that issue if we determine that the habeas court abused its discretion in denying the petition for certification to appeal. In light of our conclusion that there was no abuse of discretion, we decline to review the merits of the petitioner's appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

grant of certification to be a limitation on the specific issues subject to appellate review." *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 138, 712 A.2d 947 (1998); *Lewis* v. *Commissioner of Correction*, 121 Conn. App. 693, 696 n.4, 996 A.2d 1214, cert. granted on other grounds, 298 Conn. 901, 3 A.3d 70 (2010); *McClean* v. *Commissioner of Correction*, 103 Conn. App. 254, 258, 930 A.2d 693 (2007), cert. denied, 285 Conn. 913, 943 A.2d 473 (2008). In those cases, once the habeas court, in its gatekeeping function, certified that appellate review was warranted, any issue could be presented on appeal, so long as the opposing party is not prejudiced. The present case is distinguishable because the habeas court denied the petition for certification to appeal. That decision acts to limit our review to a determination of whether that denial constituted an abuse of discretion, and we decline to conclude that such an abuse occurred.

[8] Although the petitioner claims that the court improperly granted the respondent's motion for summary judgment, a review of his brief reveals that this claim is inextricably intertwined with the granting of D'Amato's motion to withdraw. Additionally, we conclude that the petitioner's claim regarding the merits of the granting of the motion for summary judgment was briefed inadequately. See *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 796, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009).