******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* MICHAEL MCCLEAN
(AC 37380)

Lavine, Beach and Alvord, Js.

*Argued May 26—officially released August 23, 2016*

(Appeal from Superior Court, judicial district of Hartford, Clifford, J. [judgment]; Alexander, J. [motion to correct].)

*Heather Clark*, assigned counsel, for the appellant (defendant).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Michele C. Lukban* and *John F. Fahey*, senior assistant state's attorneys, for the appellee (state).

*Opinion*

LAVINE, J. The defendant, Michael McClean, appeals from the trial court's judgment of dismissal of his motion to correct an illegal sentence. On appeal, the defendant claims that the court erred by dismissing his motion to correct an illegal sentence after concluding that his sentence did not violate the eighth amendment to the United States constitution, as explicated by *Miller* v. *Alabama*, U.S. , 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).[1] We conclude that the trial court improperly determined that it lacked jurisdiction to consider the defendant's motion, but correctly concluded that the defendant's federal and state constitutional rights have not been violated. As we explain, the defendant's sentence does not violate the constitutional sentencing parameters set forth in *Miller*. See *State* v. *Logan*, 160 Conn. App. 282, 287, 125 A.3d 581 (2015), cert. denied, 321 Conn. 906, 135 A.3d 279 (2016). The form of the judgment is improper, and we therefore reverse the judgment and remand the case with direction to render judgment denying the defendant's motion to correct an illegal sentence. See, e.g., *State* v. *Gemmell*, 155 Conn. App. 789, 790, 110 A.3d 1234, cert. denied, 316 Conn. 913, 111 A.3d 886 (2015).

The following facts are relevant to this appeal. "[O]n December 23, 1994, the [defendant] was arrested and charged with murder in violation of General Statutes § 53a-54a (a). Pursuant to a plea agreement negotiated by his defense counsel . . . the [defendant] pleaded guilty to the murder charge under the *Alford* doctrine[2] on January 5, 1998. . . . In exchange for the petitioner's guilty plea, the state recommended a sentence of thirty years incarceration and dropped additional charges and withdrew its request for a sentence enhancement." (Footnote omitted.) *McClean* v. *Commissioner of Correction*, 103 Conn. App. 254, 255–56, 930 A.2d 693 (2007), cert. denied, 285 Conn. 913, 943 A.2d 473 (2008). The parties waived the presentence investigation report. "On March 20, 1998, the court [*Clifford, J.*] sentenced the [defendant] to thirty years incarceration in accordance with the plea agreement." Id., 256.

The defendant, who was initially self-represented, filed a motion to correct an illegal sentence on September 20, 2013. On March 26, 2014, the defendant's public defender filed a motion to correct illegal disposition and a memorandum of law on behalf of the defendant. The defendant claimed that his sentence was imposed in an illegal manner because (1) he was not given an individualized sentencing hearing during which the court considered the mitigating factors of the defendant's youth, as required by *Miller* v. *Alabama*, supra, 132 S. Ct. 2455; and (2) he will not be provided with a meaningful opportunity to obtain release on the basis of his demonstrated maturity and rehabilitation, as

required by *Graham* v. *Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010).[3]

The court, *Alexander*, *J.*, heard oral argument on the motion on April 4, 2014. The court issued its memorandum of decision on July 23, 2014, dismissing the motion. It determined that the defendant's sentence will expire when he is approximately forty-five years old. At that time in Connecticut, *Graham* and *Miller* applied only to mandatory life without parole sentences.[4] The court thus determined that "the defendant is not entitled to the relief sought, as it exceeds the jurisdiction of the court."

In regard to the trial court's jurisdiction, the defendant's motion to correct contended that his sentence was imposed in an improper manner, namely, because it was imposed without following the procedures outlined in *Miller*. Thus, the defendant's claim was properly raised by a motion to correct pursuant to Practice Book § 43-22. See *State* v. *Williams-Bey*, 167 Conn. App. 744, A.3d (2016). As we explained in *Williams-Bey*, "[t]he court's conclusion that it could not provide the defendant a remedy did not implicate the court's authority to determine whether the sentence had been imposed in an illegal manner." Id., 761. As in *Williams-Bey*, however, it is clear from the court's memorandum of decision that it considered the merits of the defendant's constitutional claims. We conclude that the court properly concluded that the defendant's sentence did not violate the eighth amendment or the constitution of Connecticut, albeit for a different reason. Accordingly, the proper disposition was for the court to deny, rather than to dismiss, the defendant's motion to correct.

The defendant's constitutional claims are controlled by this court's recent decision in *State* v. *Logan*, supra, 160 Conn. App. 282. In *Logan*, this court concluded that a sentence of thirty-one years imprisonment without the possibility of parole imposed on a juvenile offender does not violate the eighth amendment, as interpreted by *Miller* v. *Alabama*, supra, 132 S. Ct. 2455. *State* v. *Logan*, supra, 293. The defendant in the present case was sentenced to thirty years imprisonment without the possibility of parole. His sentence does not violate the constitutional parameters established in *Miller*. Furthermore, as we have stated, the defendant is now eligible for parole pursuant to General Statutes § 54-125a (f). See footnote 3 of this opinion.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment denying the defendant's motion to correct an illegal sentence.

In this opinion the other judges concurred.

[1] In *Miller*, the United States Supreme Court held that sentencing juveniles to mandatory life in prison without parole violates the eighth amendment. *Miller* v. *Alabama*, supra, 132 S. Ct. 2469. Our Supreme Court has held that

sentencing juveniles to discretionary life imprisonment without parole, and to lengthy sentences that are the functional equivalent to life imprisonment without parole, also violates the eighth amendment as explicated by *Miller*. See *Casiano* v. *Commissioner of Correction*, 317 Conn. 52, 115 A.3d 1031 (2015), cert. denied sub nom. *Semple* v. *Casiano*, U.S. , 136 S. Ct. 1364, 194 L. Ed. 2d 376 (2016); *State* v. *Riley*, 315 Conn. 637, 110 A.3d 1205 (2015), cert. denied, U.S. , 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016).

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] In *Graham*, the United States Supreme Court held that a mandatory life sentence without parole imposed on a nonhomicide juvenile defendant violates the eighth amendment. A claim pursuant to *Graham* refers to a claim that a juvenile offender is entitled to "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Graham* v. *Florida*, supra, 560 U.S. 75. The defendant amended his appeal by withdrawing his claim under *Graham* in light of the legislature's enactment of General Statutes § 54-125a (f). This statute became effective on October 1, 2015, while this appeal was pending. See Public Acts 2015, No. 15-84, § 1. The defendant is eligible for parole under the statute.

[4] As we noted, since the defendant filed his motion to correct an illegal sentence, our Supreme Court has concluded that *Miller* applies to discretionary life sentences and term of years sentences that operate as life sentences. See *Casiano* v. *Commissioner of Correction*, 317 Conn. 52, 115 A.3d 1031 (2015), cert. denied sub nom. *Semple* v. *Casiano*, U.S. , 136 S. Ct. 1364, 194 L. Ed. 2d 376 (2016); *State* v. *Riley*, 315 Conn. 637, 110 A.3d 1205 (2015), cert. denied, U.S. , 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016). We analyze the recent developments in the law of juvenile sentencing more fully in a case argued on the same day as the present appeal and also issued today. See *State* v. *Williams-Bey*, 167 Conn. App. 744, A.3d (2016).