STATE OF CONNECTICUT *v.* DAVID M.[1]
(AC 28051)

Flynn, C. J., and Lavine and West, Js.

Argued April 22—officially released July 15, 2008

<hr />

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victims or others through whom the victims' identities may be ascertained. See General Statutes § 54-86e.

*Katherine C. Essington*, special public defender, for the appellant (defendant).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Catherine Brannelly Austin*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, David M., appeals from the judgments of conviction rendered by the trial court after he pleaded guilty under the *Alford*[2] doctrine to one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), two counts of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1) (B), one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2) and three counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (1).[3] On appeal, the defendant claims that the court abused its discretion in failing (1) to conduct an evidentiary hearing, sua

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] We note that the conduct that gave rise to the charges of sexual assault in the first degree and risk of injury to a child occurred between 1993 and 1999. Although both statutes were amended during that time, there is no dispute that the conduct in which the defendant engaged was prohibited under all of the revisions of the statute applicable during that time period. In the interest of simplicity, we refer to the current revisions of General Statutes §§ 53a-70 and 53-21 as the revision of the statute under which the defendant was charged.

sponte, on his motion to withdraw his guilty pleas, (2) to appoint new counsel for him and (3) to grant his motion for a continuance at sentencing. We affirm the judgments of the trial court.

The following factual and procedural history is pertinent to our resolution of the defendant's appeal. After jury selection was in progress, the defendant elected to withdraw his not guilty pleas. On May 10, 2006, the defendant appeared with his counsel and entered pleas of guilty under the *Alford* doctrine to one count of sexual assault in the first degree, two counts of sexual assault in the third degree and four counts of risk of injury to a child. The court, *Iannotti, J.*, conducted a plea canvass and accepted the pleas. As a part of the canvass, the defendant acknowledged that he pleaded guilty freely and voluntarily and that no one had threatened him in any way. The court then granted the defendant's motion to continue sentencing until June 14, 2006.

On June 14, 2006, the defendant appeared before the court for sentencing. At the commencement of the sentencing hearing, the defendant, through his attorney, requested a continuance so that the defendant would have an additional opportunity to resolve a pending case in a different jurisdiction. The court stated that, rather than sentencing the defendant on May 10, 2006, it had continued the sentencing until June 14, 2006, to provide the defendant with an opportunity to resolve his other pending case and also to allow one of the victims to be present at the sentencing proceeding. The court, in denying the defendant's motion for another continuance, stated that the victim in question was present at this sentencing proceeding and further that the defendant's case in the other jurisdiction still was pending because the defendant had chosen not to enter a plea in that case. The court also noted that it had reviewed the transcript from the May 10, 2006 plea

canvass and concluded that the canvass was complete and that "there [was] nothing . . . on that canvass that would allow [the defendant] to successfully move to withdraw his guilty plea in this matter."[4] In addition, the court indicated that the defendant's counsel had stated earlier that day in chambers that she also had reviewed the canvass and found it to be complete. Thus, the court denied the motion and stated that it was going to sentence the defendant as scheduled that day.

Following the court's denial of the defendant's motion for a continuance, the defendant then asked the court to appoint new counsel. The court inquired as to the reasons why the defendant wanted a new lawyer. In response, the defendant asserted that his attorney had threatened him and had told him that she was "going to mess [his] case up . . . ." Counsel for the defendant informed the court that she had never made such statements to the defendant. The court denied the defendant's motion for the appointment of new counsel and stated that a basis did not exist for appointing new counsel, noting also that it respected the abilities of the defendant's counsel.

The defendant then requested a continuance so that he could consult with another attorney. The court again denied the defendant's motion, noting that the defendant had known for several weeks that he was going to be sentenced on June 14, 2006. Thereafter, the court sentenced the defendant to a total effective term of twenty years incarceration, execution suspended after twelve years, with one year as a mandatory minimum, and ten years of probation.

The defendant first claims that the court's failure to conduct an evidentiary hearing, sua sponte, on his

---

[4] We note that the record does not reveal that the defendant had filed a motion to withdraw his guilty pleas, nor does it indicate that he had made an oral motion for the withdrawal of his guilty pleas.

motion to withdraw his guilty pleas was an abuse of discretion. This claim merits little discussion. The defendant never filed a motion to withdraw his guilty pleas, nor did he indicate on the record that he wanted to withdraw his pleas. The defendant contends that, through his counsel, he made a motion to withdraw his pleas in chambers prior to the commencement of the sentencing hearing. To support his assertion that such a motion had been made, the defendant refers to the court's statement at the sentencing proceeding, in which it had indicated that it had reviewed the defendant's plea canvass. Although the court, in the context of explaining its denial of the defendant's first motion for a continuance, indicated that it, as well as defense counsel, had reviewed the plea canvass and concluded that it was a complete canvass, there is nothing in the record that would indicate that this statement was in response to a motion made by the defendant, and the court did not state that the defendant had requested the withdrawal of his guilty pleas at any point in time.

We further note that the defendant, apparently realizing that the record was devoid of any reference to a motion to withdraw his guilty pleas, subsequently filed a motion for rectification pursuant to Practice Book § 66-5, requesting that the court include in the record a statement that defense counsel had indicated to the court in chambers that the defendant wanted to withdraw his guilty pleas. The court, however, denied the defendant's motion and noted that "the [June 14, 2006] transcript is the accurate reflection of the proceeding."[5] Because the record does not indicate that the defendant requested that his guilty pleas be withdrawn, the court was not required to conduct an evidentiary hearing. Accordingly, the defendant's claim fails.

[5] Thereafter, the defendant filed an oral motion for review of the trial court's denial of his motion for rectification. This court subsequently granted the motion for review but denied the requested relief.

The defendant next claims that the court abused its discretion in failing to appoint new counsel. We do not agree.

"There is no unlimited opportunity to obtain alternate counsel. . . . It is within the trial court's discretion to determine whether a factual basis exists for appointing new counsel. . . . Moreover, absent a factual record revealing an abuse of that discretion, the court's failure to allow new counsel is not reversible error." (Citations omitted; internal quotation marks omitted.) *State* v. *Drakeford*, 202 Conn. 75, 83, 519 A.2d 1194 (1987). "Such a request must be supported by a substantial reason and, [i]n order to work a delay by a last minute discharge of counsel there must exist exceptional circumstances." (Internal quotation marks omitted.) *State* v. *Fisher*, 57 Conn. App. 371, 382, 748 A.2d 377, cert. denied, 253 Conn. 914, 754 A.2d 163 (2000).

Immediately prior to being sentenced, the defendant first made a motion for the continuance of his sentencing. Only after that motion was denied did he then request the appointment of new counsel. Although the defendant contends that the court prevented him from establishing a factual basis, the record reveals otherwise. After the defendant requested new counsel, the court adequately inquired into the matter and permitted the defendant to provide an explanation as to why he wanted alternate counsel. In response, the defendant represented that his counsel had threatened him. Upon further inquiry by the court concerning the nature of the alleged threats, the defendant stated that his counsel had informed him that she was going to "mess [his] case up," which counsel denied. Aside from these general complaints, which the court did not credit, the defendant failed to offer any further reasons to support his motion for the appointment of new counsel. The defendant's bare assertions, however, did not create a factual record to support a finding of good cause or exceptional

circumstances to warrant a last minute change in counsel. Accordingly, we conclude that the court's denial of the defendant's motion for new counsel did not reflect an abuse of discretion.

The defendant last claims that the court abused its discretion when it denied his motion for a continuance to consult with another attorney. We disagree.

"[T]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . To prove an abuse of discretion, an appellant must show that the trial court's denial of a request for a continuance was arbitrary." (Internal quotation marks omitted.) *State* v. *Green*, 105 Conn. App. 115, 119, 936 A.2d 712 (2007), cert. denied, 286 Conn. 904, 943 A.2d 1102 (2008).

With due regard for the broad leeway possessed by trial courts to grant or to deny continuances, it cannot be said that the court, under the circumstances of the present case, abused its discretion in denying the defendant's motion for a continuance at sentencing. Here, the court had delayed the defendant's sentencing from May 10, 2006, to permit him an opportunity to resolve a case pending elsewhere. At the June 14, 2006 sentencing proceeding, the defendant again requested a continuance to give him an additional opportunity to resolve his other pending case. The court denied that motion, provided an explanation for its denial and then indicated that the defendant would be sentenced that day. Thereafter, the defendant raised general complaints about his counsel and requested the appointment of new counsel, which the court denied. Immediately following the court's denial of his motion for alternate counsel, the defendant again requested a continuance, this time to consult with another attorney. In denying

the defendant's second eleventh hour motion for a continuance, the court stated that the defendant had known for several weeks that he was going to be sentenced on June 14, 2006, implicitly indicating that the defendant had sufficient time to have his concerns addressed prior to the sentencing hearing. The court, having concluded that the defendant failed to demonstrate the existence of exceptional circumstances that would warrant a last minute delay in the proceedings to consult with new counsel, properly denied the defendant's motion for a continuance at sentencing. On the basis of the sound reasons for denying the defendant's motion for a continuance, we cannot conclude that the court abused its discretion.

The judgments are affirmed.