******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EUGENE FOOTE, JR. *v.* COMMISSIONER
OF CORRECTION
(AC 35129)

DiPentima, C. J., and Keller and Pellegrino, Js.

*Argued February 6—officially released July 15, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*David B. Bachman*, assigned counsel, for the appellant (petitioner).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva B. Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The petitioner, Eugene Foote, Jr., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the failure of the habeas court to inquire adequately into his request for new counsel was (1) an abuse of discretion and (2) plain error. We dismiss the appeal.

The following facts and procedural history are relevant to our resolution of this appeal. "At approximately 6 o'clock in the morning of July 2, 2007, Glorimary Guerra heard a knock on her door at 45 Long Hill Road in Waterbury. Expecting her boyfriend, she opened the door to instead find the [petitioner] there. When he inquired if anyone was hiding inside the apartment, Guerra responded in the negative. As she began to close the door, the [petitioner] pushed her back into the apartment and entered. The [petitioner] then brandished a black-handled knife and proceeded through each room of the apartment with Guerra. As this transpired, the [petitioner] repeatedly insisted that Guerra was hiding someone, and Guerra attempted to convince him otherwise. Because she was unsure of his intent, Guerra constantly looked at the [petitioner's] face. When they entered the kitchen, the [petitioner] proceeded to the back door, at which point Guerra attempted to flee to the front door of the apartment. That effort proved unsuccessful, as the [petitioner] ran after her and closed the door. Fearful, Guerra sat down and began to cry. The [petitioner] then attempted to calm Guerra. As she testified at trial: '[H]e was just telling me . . . that he's just looking for the person, that he wants me to tell him who the person is, and I'm telling him I don't know where the person is. He's telling me to calm down, that he's not going to hurt [me]. But I don't know how he wants me to calm down because he's already in my house with the knife out, I'm pregnant, I'm seven and a half months pregnant, and I'm just scared, I don't know what to do. . . .' The [petitioner] gave Guerra $3 and exited the apartment, at which point Guerra called 911 to report the incident." *State* v. *Foote*, 122 Conn. App. 258, 259–60, 998 A.2d 240, cert. denied, 298 Conn. 913, 4 A.3d 834 (2010).

"The [petitioner] thereafter was charged by long form information with burglary in the first degree in violation of General Statutes (Rev. to 2007) § 53a-101 (a) (1) and unlawful restraint in the first degree in violation of [General Statutes] § 53a-95 (a). . . . A trial followed, at the conclusion of which the jury found the [petitioner] guilty on both counts. The court rendered judgment accordingly and sentenced the [petitioner] to a total effective term of twenty years incarceration." Id., 261. The petitioner filed a direct appeal challenging the court's judgment and this court affirmed the conviction.

Id., 270.

On January 7, 2009, on his own behalf, the petitioner filed a petition for a writ of habeas corpus, claiming, inter alia, that he received ineffective assistance of trial counsel because his trial counsel had failed to investigate and to present adequately his alibi defense, and because his trial counsel failed to investigate his mental health. In response to the petitioner's motion, the court appointed him habeas counsel on September 3, 2009.

On December 7, 2010, pursuant to Practice Book § 23-41, *Anders* v. *California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State* v. *Pascucci*, 161 Conn. 382, 386–87, 288 A.2d 408 (1971), the petitioner's habeas counsel moved for permission to withdraw his appearance, claiming that there were no nonfrivolous issues to be raised in the petitioner's habeas petition.[1] The petitioner filed a written objection to habeas counsel's motion. The court, *Solomon, J.*, denied the motion for permission to withdraw after finding that, although habeas counsel's "investigation and conclusions regarding the investigation and presentation of petitioner's alibi defense [were] sufficient . . . his investigation into the mental health issues raised by the petitioner [were] not adequately addressed in his Report to Court In Support of Motion to Withdraw." Thereafter, the petitioner's habeas counsel continued to represent the petitioner, and appeared with the petitioner at his habeas trial on September 19, 2012.

Prior to the commencement of the habeas trial, the petitioner's habeas counsel informed the court that he had just learned that the petitioner intended to ask the court to discharge him as the petitioner's attorney. The petitioner alleged that he had received a "letter" from Judge Solomon in which it stated that his habeas counsel was to investigate his medical records. The petitioner further alleged that in the nine months since he received the "letter" from Judge Solomon, his habeas counsel did not meet with him until the day of trial and did not review his medical records.

The petitioner's habeas counsel asserted that he had met with his client the week before his trial and that the petitioner did not voice any concerns to him at that time. He further explained that the "letter" the petitioner was referring to was actually under seal and was in response to a motion he had filed regarding the petitioner's claims.[2] He indicated to the habeas court, *Cobb, J.*, that on the basis of his review of "all of the documents and all of the evidence . . ." that he did not think there was any relevance to the issues that the petitioner had just brought to the attention of the habeas court. The habeas court denied the petitioner's request for new counsel, stating that there was no motion before the court to remove the petitioner's current habeas counsel and that the petitioner was only bringing his concern to the court on the day of trial. The habeas trial

proceeded, and after the hearing, the court rendered an oral decision from the bench. The habeas court found that the petitioner had failed to meet his burden of proof as to his claim of ineffective assistance of trial counsel, and denied his petition for a writ of habeas corpus. Thereafter, the petitioner requested certification to appeal from the judgment of the habeas court.

In his petition for certification, the petitioner claimed that the habeas court erred by finding that he received effective assistance of trial counsel. The petitioner also included a general request that the habeas court certify "[a]ny other issues that become apparent upon a review of the record." On October 4, 2012, the habeas court denied the petition for certification to appeal. This appeal followed.

I

The petitioner claims that the habeas court erred in denying his petition for certification to appeal because the failure of the habeas court to inquire adequately into his request for new habeas counsel was an abuse of discretion. The petitioner's claim lacks merit.

General Statutes § 52-470 (g) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

"Our Supreme Court has explained that one of the goals of this statute is to limit the number of appeals filed in criminal cases and to hasten the conclusion of the criminal justice process. . . . Additionally, § 52-470 [g] acts as a limitation on the scope of review, and not the jurisdiction, of the appellate tribunal." (Citation omitted.) *Logan* v. *Commissioner of Correction*, 125 Conn. App. 744, 750, 9 A.3d 776 (2010), cert. denied, 300 Conn. 918, 14 A.3d 333 (2011).

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Internal quota-

tion marks omitted.) *Logan* v. *Commissioner of Correction*, supra, 125 Conn. App. 750–51.

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 751; see also *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 477, 722 A.2d 286 (1999).

In the present case, the only claim advanced by the petitioner in his petition for a writ of habeas corpus was ineffective assistance of *trial* counsel. On appeal, the petitioner does not claim that the court abused its discretion in denying certification to appeal from the denial of his habeas petition on the ground that the resolution of his claim of ineffective assistance of *trial* counsel is debatable among jurists of reason or could be resolved differently by another court. Instead, the petitioner argues that the court abused its discretion in denying his oral request for new *habeas* counsel, an issue that the petitioner did not present to the habeas court in his petition for certification, but one that he raises for the first time on appeal to this court. This court has held that "a court [cannot] abuse its discretion in failing to grant a [petitioner's] certification to appeal to challenge an issue that was not first presented to the [habeas] court and then ruled upon by it." *Mitchell* v. *Commissioner of Correction*, 68 Conn. App. 1, 7, 790 A.2d 463, 467, cert. denied, 260 Conn. 903, 793 A.2d 1089 (2002). Accordingly, this claim fails.

II

The petitioner next claims that it was plain error for the habeas court to deny his request for new habeas counsel without adequately investigating his request. We disagree.

As discussed in part I of this opinion, we note that the petitioner did not preserve his request for new habeas counsel claim by presenting it in his petition for certification to appeal. The petitioner alternatively seeks to prevail on his claim pursuant to the plain error doctrine. "[T]he plain error doctrine . . . has been codified at Practice Book § 60-5, which provides in relevant part that [t]he court may reverse or modify the decision of the trial court if it determines . . . that the decision is . . . erroneous in law." (Internal quotation marks omitted.) *State* v. *D'Antonio*, 274 Conn. 658, 669, 877 A.2d 696 (2005). "The plain error doctrine is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, none-theless requires reversal of the trial court's judgment,

for reasons of policy. . . . The plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 526, 91 A.2d 712 (2006) (applying plain error doctrine to petitioner's unpreserved claim of judicial misconduct following denial of petitioner's petition for certification to appeal by habeas court); see also *Melendez* v. *Commissioner of Correction*, 141 Conn. App. 836, 841, 62 A.3d 629 (Appellate Court affording petitioner plain error review to claim not preserved in petition for certification to appeal), cert. denied, 310 Conn. 921, 77 A.3d 143 (2013).

Although there is no constitutional right to counsel for a habeas petitioner as there is for a criminal defendant, "General Statutes § 51-296 . . . creates a statutory right to counsel . . . for an indigent [petitioner] . . . *in any habeas corpus proceeding arising from a criminal matter . . . .*" (Emphasis in original; internal quotation marks omitted.) *Morgan* v. *Commissioner of Correction*, 87 Conn. App. 126, 132, 866 A.2d 649 (2005); see also Practice Book § 44-1. We, therefore, look toward established legal principles addressing a defendant's right to counsel to guide our analysis in this case. "A defendant has no unbridled right to discharge counsel on the eve of trial . . . . In order to work a delay by a last minute discharge of counsel there must exist exceptional circumstances. . . . The right to counsel . . . does not include . . . an unlimited opportunity to obtain alternate counsel . . . or the absolute right to counsel of one's choice that must give way to the need for fair and efficient administration of justice. . . .

"While a criminal defendant's right to be represented by counsel implies a degree of freedom to be represented by counsel of [the] defendant's choice . . . this guarantee does not grant a defendant an unlimited opportunity to obtain alternate counsel on the eve of trial. . . . Although the court has a responsibility to inquire into and to evaluate carefully all substantial complaints concerning court-appointed counsel . . . the extent of such inquiry lies within the court's sound exercise of discretion. After it has given the defendant an adequate opportunity to inform it of his or her complaints, the court has broad discretion in determining whether circumstances warrant the appointment of new counsel or the dismissal of the defendant's existing counsel." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Turner*, 133 Conn. App. 812, 820, 37 A.3d 183, cert. denied, 304 Conn. 929, 42 A.3d 390 (2012). "It is within the trial court's

discretion to determine whether a factual basis exists for appointing new counsel. . . . Moreover, absent a factual record revealing an abuse of that discretion, the court's failure to allow new counsel is not reversible error. . . . Such a request must be supported by a substantial reason and, [i]n order to work a delay by a last minute discharge of counsel there must exist exceptional circumstances." (Citation omitted; internal quotation marks omitted.) *State* v. *David M.*, 109 Conn. App. 172, 177, 950 A.2d 599, cert. denied, 289 Conn. 924, 958 A.2d 154 (2008).

After the petitioner requested new habeas counsel, the habeas court adequately inquired into the matter and permitted the petitioner to provide an explanation as to why he wanted alternate counsel. In response, the petitioner represented that his counsel had failed to meet with him and had failed to investigate his mental health. Upon further inquiry, the petitioner's habeas counsel represented that he had met with the petitioner the week prior and that the petitioner had not indicated that he was dissatisfied with his representation. The petitioner's habeas counsel also stated that he intended to assist his client in presenting testimony.[3] Aside from the petitioner's general complaints, which the court did not credit, the petitioner failed to offer any further reasons to support his verbal motion for the appointment of new habeas counsel. The petitioner's bare assertions did not create a factual record to support a finding of good cause or exceptional circumstances to warrant a last minute change in habeas counsel. Accordingly, we conclude that there is no error so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. Thus, this claim also fails.

The appeal is dismissed.

In this opinion PELLEGRINO, J., concurred.

[1] Pursuant to Practice Book § 23-41 (c), the petitioner's habeas counsel filed the motion for permission to withdraw and the accompanying report under seal.

[2] See footnote 1 of this opinion.

[3] The petitioner's habeas counsel continued by saying, "I explained to [the petitioner] and [he] persists with his version of what happened from both at the trial and to this day. Based on my review, all of the documents and all of the evidence and everything that I have, I don't think that there's any relevance to any of the issues that he's just brought up as far as potential habeas claims."